Robert R. Ridl, C.P.A. Principal State Auditor Office of State Auditor Room 601, 1200 Lincoln Street Denver, Colorado 80203
Dear Mr. Ridl:
I am writing in response to your letter of May 20, 1980 which requests an opinion concerning the purposes for which a school district may use the gain from an exchange of securities held in an escrow fund established in connection with the issuance of refunding bonds. Enclosed with your letter is a copy of correspondence to you from Don Smith, business manager of School District Re-IJ in Holyoke, Colorado (the "Holyoke school district") which describes how that school district received a gain of $51,561.03 from an exchange of securities. Mr. Smith asks whether this gain may be used to repay funds used from the Heginbotham Trust and/or to pay for capital outlay items.
QUESTION PRESENTED AND CONCLUSION
The Holyoke school district issued refunding bonds in 1976 and established an escrow account for repayment of the original bonds being refunded. In May of 1980 securities held in this escrow account were exchanged and a gain realized by the Holyoke school district. You specifically ask whether this gain may be used to repay the Heginbotham Trust for moneys invested in connection with the issuance of bonds, and whether the gain may be used for capital outlay items of the district.
 It is my opinion that the gain realized from the reinvestment of the escrow account constitutes bond proceeds which may only be used for such purposes as are proper for other amounts in the escrow. It must therefore be paid to the Bond Redemption Fund, and not used for the other purposes you have described.
ANALYSIS
Mr. Smith's letter to you sets out the following relevant circumstances. On June 1, 1974 the Holyoke school district issued general obligation building bonds totaling $2,350,000. On February 3, 1976 those bonds were refunded in order to obtain a better interest rate. At the time of refunding, an escrow account was established at United Bank of Denver with proceeds from the refunding bonds, for the purpose of repaying the original bonds. In connection with the issuance of these bonds, the Holyoke school district also invested $120,000 from the Heginbotham Trust. That trust has made moneys available to be used in the best interests of the district.
On May 9, 1980 an exchange of securities held in the escrow account was completed, resulting in a net gain of $51,561.03. Mr. Smith states that the Holyoke school district would like to use this gain to repay funds invested from the Heginbotham Trust and/or to pay for capital outlay items.
In preparing this opinion I have not had an opportunity to review the Holyoke school district's refunding bond resolution or the escrow agreement. Consequently, this opinion is based on general provisions of state law and does not reflect any specific covenants made in connection with the bond issue.
Authority for the Holyoke school district to issue refunding bonds exists in article 43 of title 22, C.R.S. 1973. Provisions for establishment of an escrow account and investment of escrowed proceeds, is made in C.R.S. 1973, 22-43-107 as follows:
 (1) The proceeds derived from the issuance of any refunding bonds under the provisions of this article shall either be immediately applied to the payment or redemption and retirement of the bonds to be refunded and the cost and expense incident to such procedures or shall immediately be placed in escrow to be applied to the payment of said bonds upon their presentation therefor and the costs and expenses incident to such proceedings and for no other purpose whatsoever until the bonds being refunded have been paid in full and discharged, and all accrued interest thereon has also been paid in full, upon which occurrences the escrow shall terminate, and any moneys remaining therein shall be returned to the district's bond redemption fund.
 (2) Any such escrowed proceeds, pending such use, may be invested or, if necessary, reinvested in federal securities, maturing at such times as to insure the prompt payment of the bonds refunded under the provisions of this article and the interest accruing thereon.
 (3) Such escrowed proceeds and investments, together with any interest to be derived from such investments, shall be in an amount which at all times is sufficient to pay the bonds refunded as they become due at their respective maturities or as they are called for redemption and payment on prior redemption dates, as to principal, interest, any prior redemption premium due, and any charges of the escrow agent payable therefrom. The computations made in determining such sufficiency shall be verified by a certified public accountant.
The gain realized by the Holyoke school district constitutes interest derived from reinvestment of escrowed bond proceeds. The legislative intent, as stated in C.R.S. 1973, 22-43-107(3), is that such interest be available to pay the bonds refunded as they become due or are called for redemption.
It is my understanding that the $51,561.03 gain to the Holyoke school district is an amount in excess of that necessary to pay the refunded bonds as required by C.R.S. 1973, 22-43-107(3). Nonetheless, that gain may be used only for those purposes permissible for escrowed proceeds.
This gain on investment of escrowed proceeds must be considered "proceeds derived from the issuance of any refund bonds." Consequently the gain must be either immediately applied to the payment or redemption and retirement of bonds to be refunded or immediately placed in escrow. C.R.S. 1973, 22-43-107(1). This is true because the gain in question represents the increased value of investments made with proceeds of refunding bonds as authorized by statute. This gain should properly be accounted for in the same manner as would excess moneys remaining in escrow when refunded bonds have been paid in full, that is, returned to the district's Bond Redemption Fund. C.R.S. 1973, 22-43-107(1).
SUMMARY
It is my opinion that the gain realized by the Holyoke school district on reinvestment of escrowed bond proceeds must either be retained in escrow or paid into the school district's Bond Redemption Fund. That gain may not be used to reimburse the Heginbotham Trust and/or to pay capital outlay expenditures.
If you have additional questions concerning this matter, please do not hesitate to contact me.
Very truly yours
 J.D. MacFARLANE Attorney General
REVENUE BONDS SECURITIES SCHOOL DISTRICTS PUBLIC FUNDS
C.R.S. 1973, 22-43-107(1) and (2) and (3)
LEGISLATIVE BRANCH Auditor, Office of State
Gain realized from the exchange of securities held in an escrow account for repayment of school district revenue bonds constitutes bond proceeds and may only be used for such purposes as are lawful for other amounts in the escrow account.